UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

MARK WOLFF,

Plaintiff

v.

[redacted] 06 163 T

AMERICAN BIOPHYSICS CORPORATION,

Defendant

**COMPLAINT**

INTRODUCTORY STATEMENT

This action is commenced by Mark Wolff (hereinafter also referred to as "Plaintiff" or "Wolff") against American Biophysics Corporation (hereinafter also referred to as "Defendant" or "Company" or "ABC") in order to remedy and seek relief for the Defendant's unlawful and discriminatory employment practices based on the Plaintiff's age, in violation of Title VII of the Civil Rights Act of 1964, The Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 et seq., and the Rhode Island Fair Employment Practices Act, in addition to other claims.

JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § § 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to pertinent provisions of the ADEA, 29 U.S.C. § 621-634.

2. Considerations of judicial economy, convenience, and fairness to the litigants warrant exercise of this court's supplemental jurisdiction with respect to Plaintiff's state law claims. Plaintiff's state claims are so related to Plaintiff's federal claims that they form part of the same case of controversy. This court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. 1367(a).

3. Venue is proper in this district pursuant to inter alia, 28 U.S.C. 1391 (b), because:

a. The alleged unlawful practices occurred and/or are continuing to occur within the State of Rhode Island, and in this judicial district;

b. all records relevant to the alleged unlawful practices are maintained and administered in the Defendant's place of business in Rhode Island;

c. the Plaintiff would currently be enjoying all rights, benefits, and privileges of his employment, as a full-time employee of Defendant, at its Rhode Island facility(ies), but for the Defendant's unlawful practices.

4. On June 3, 2005, Plaintiff filed a formal Charge of Discrimination with the Rhode Island Commission for Human Rights ("RICHR") and the U.S. Equal

Employment Commission ("EEOC"), alleging that he had been discriminated against on the basis of his age—RICHR # 05-EAG-280-11/28; EEOC #: 16JA500185 (EXHIBIT A).

5. The Plaintiff has complied with all jurisdictional prerequisites and conditions precedent to the filing of this action, in each of its counts, in state and/or federal court, including receiving Right To Sue authorization, as necessary, from pertinent state and federal agencies (EXHIBIT A and B); and has filed this action within the time limits applicable to those authorizations.

THE PARTIES

6. The Plaintiff, Mark Wolff ("Wolff" or "Plaintiff"), an individual, is a resident of Bristol, Rhode Island.

7. On information and belief, the Defendant, American Biophysics Corporation, is a Delaware corporation, registered and authorized by appropriate state authority to conduct business in the State of Rhode Island, maintaining an office and principal place of business at 140 Frenchtown Road; North Kingstown, Rhode Island 02852.

8. At all times material to the allegations of this Complaint, the Defendant has continuously, and does now, employ at least 100 or more employees in the State of Rhode Island.

9. At all times material to the allegations of this Complaint, the Defendant has continuously been engaged in an industry affecting commerce within the meaning of those terms as applicable to pertinent provisions of the Age Discrimination In Employment Act ("ADEA"), as defined in § 11(g) of the ADEA (29 U.S.C.S. § 630(g) and § 11(h) of the ADEA (29 U.S.C.S. § 630(h)), and as those terms are applicable to pertinent provisions of Title VII of the Civil Rights Act of 1964 ("Title VII").

10. At all times material to the allegations of this Complaint, the Defendant was and is an "employer" within the meaning of that term as applicable in pertinent provisions of the ADEA, as defined in § 11(b) of the ADEA (29 USCS § 630(b)), and as that term is applicable to pertinent provisions of Title VII.

11. Plaintiff is an "individual" within the meaning of pertinent provisions defining that term under the ADEA and Title VII.

12. At all times material to this action, the Defendant was an employer covered under the provisions of R.I.G.L. § 42-112-1 et seq. (The Rhode Island Civil Rights Act of 1990) and R.I.G.L. § 28-5-1- et seq. (The Rhode Island Fair Employment Practices Act). At all times material to this action, Plaintiff was protected under the terms of R.I.G.L. § 42-112-1 et seq. and R.I.G.L. § 28-5-1 et seq.

FACTS APPLICABLE TO EACH COUNT

13. Plaintiff was hired by the Defendant, on or about March 16, 2004.

14. Plaintiff was born on October 19, 1947.

15. At the time of events pertinent to this action, Plaintiff was 56 years of age.

16. Plaintiff was employed by the Defendant for approximately 5 months.

17. On or about August 10, 2004, Plaintiff was summarily terminated, without warning or explanation.

18. At the time of his termination, Plaintiff held the position of Director of Sales – U.S. and Canada.

19. During the course of his employment, Plaintiff had maintained a satisfactory work record in all areas, including performance and disciplinary history, and made valuable contributions to the Defendant's business interests and prospects.

20. When Plaintiff was hired, he was induced by the Defendant to believe that he could anticipate a long and productive association with the Defendant, based on his exemplary work history, expertise, specialized knowledge, and contacts in the technologies and sales areas.

21. When he was terminated, on or about August 10, 2004, Plaintiff was given no legitimate explanation, but was merely provided three days of severance pay and a few weeks of continued health insurance.

22. In the months following his hire, the Defendant consistently took advantage of the Plaintiff's knowledge, contacts, and expertise, in advancing its business interests.

23. While availing itself of the Plaintiff's considerable knowledge, skill, and abilities, including his technological and sales contacts, the Defendant was simultaneously planning to terminate Plaintiff, and to divide his duties between two younger employees, each believed to be in his mid to late thirties.

24. The two employees referenced in the preceding paragraph did not possess experience, training, professional skills, business acumen, knowledge, sales contacts or other professional attributes on a level the same as or exceeding Plaintiff's.

25. It was the Defendant's intention in hiring the Plaintiff to utilize his skills and abilities in the process of enhancing the competence of two significantly younger employees, and then to terminate the much older Plaintiff.

26. Plaintiff was terminated from his position in favor of employees who were several years younger than he, and who had no comparable skills, knowledge, or experience.

27. Before filing the instant action and any charges of discrimination, Plaintiff sought to resolve this dispute through the Defendant's internal channels, to no avail.

28. Despite the fact that the Defendant terminated the Plaintiff, without warning or justification, after barely five months of employment, it insisted upon holding him to the overly restrictive terms of a "non-compete" agreement, and took other steps, in a deliberate retaliatory effort to impact and obstruct Plaintiff's ability to secure suitable replacement employment.

29. The Rhode Island Division of Labor and Training has determined that the Plaintiff did not engage in any misconduct warranting his discharge, and awarded him full unemployment benefits.

30. But for the Defendant's intention to discriminate against Plaintiff on the basis of his age, the Plaintiff would not have been subjected to discriminatory terms and conditions of employment, denied the retention and promotion opportunities to which he was entitled, nor terminated.

35. The Defendant's discriminatory conduct, policies, and practices are violative of the provisions of the Rhode Island Civil Rights Act of 1990, R.I.G.L. 42-112-1 et seq., by:

a. interfering with Plaintiff's right to avail himself of the full and equal benefit and protection of state and federal laws intended to prevent discrimination in the workplace based on age;
b. depriving him of the status, benefits, privileges, and other terms and conditions accruing to the employment relationship to which he was entitled;
c. treating him in a hostile, demeaning, and otherwise unlawful manner based on his age;
d. causing him lost income and benefits, humiliation, physical and emotional injury, as well as harm to his personal and professional reputation.

36. The unlawful practices engaged in by the Defendant were motivated by impermissible and unlawful considerations concerning Plaintiff's age. Such practices include, but are not limited to, Defendant's:

a.) subjecting Plaintiff to discriminatory terms and conditions of employment because of his age;

b.) retaliating against Plaintiff for asserting his rights to be free from discrimination based on age; and

c.) terminating Plaintiff because of his age.

37. But for the Defendant's intent to discriminate against Plaintiff because of his age, Defendant would not have denied Plaintiff continued employment or other rewards of his good and valuable services, or subjected him to discriminatory terms and conditions of employment, or terminated him.

38. The Defendant purposefully, maliciously, and without justification or excuse, took discriminatory action with respect to Plaintiff's employment because of Plaintiff's age. The Defendant's conduct has unlawfully deprived Plaintiff of income, benefits, privileges, promotions, and other terms and conditions accruing to the employment relationship to which he was entitled; has caused harm to his reputation; and has caused him humiliation, as well as physical and/or emotional injury.

WHEREFORE, Plaintiff prays that judgment be entered herein against Defendant and in favor of Plaintiff for all damages and equitable relief available, as hereinafter requested.

COUNT II
DISCRIMINATORY TERMS AND CONDITIONS OF EMPLOYMENT
RETALIATION
UNLAWFUL TERMINATION
Under
AGE DISCRIMINATION IN EMPLOYMENT ACT
29 U.S.C. § 621 ET SEQ.

39. Paragraphs 1-33 above are incorporated herein by reference in their entirety.

40. The Defendant's conduct, as otherwise referenced in paragraphs 1-33, above, was motivated solely by an intent to discriminate against Plaintiff on the basis of his age, in violation of the ADEA, 29 U.S.C. § 621 et seq.

41. The Defendant's conduct, as otherwise referenced in paragraphs 1-33, above, was motivated in part by an intent to discriminate against Plaintiff on the basis of his age, in violation of the ADEA, 29 U.S.C. § 621 et seq.

42. The conduct by Defendant referenced in paragraphs 1-33, above, represents a willful violation of § 4(a)(1) and (2) of the ADEA, 29 U.S.C. § 623 (a)(1) and (2), and other sections, by continuously maintaining age-based employment policies which have the intended objective of excluding qualified employees, including Plaintiff, from promotional and retention employment opportunities, solely on the basis of age.

43. Defendant willfully engaged in a policy or practice of arbitrarily and summarily discriminating against employees in the protected age category, including Plaintiff, in violation of the ADEA, 29 U.S.C. § 621 et seq.

44. The Defendant's discriminatory conduct, policies, and practices regarding workplace treatment, compensation, promotion, and retention are violative of the provisions of the ADEA, 29 U.S.C. § 621 et seq., by:

a.) interfering with Plaintiff's right to avail himself of the full and equal benefit and protection of state and federal laws intended to prevent discrimination in the workplace based on age;

b.) depriving him of the status, benefits, privileges, and other terms and conditions accruing to the employment relationship to which he was entitled;

c.) treating him in a hostile, demeaning, and otherwise unlawful manner based on his age; and

d.) causing him lost income and benefits, humiliation, physical and emotional injury, as well as irreparable harm to his personal and professional reputation.

45. The unlawful practices engaged in by the Defendant were motivated by impermissible and unlawful considerations concerning Plaintiff's age. Such practices including, but are not limited to, Defendant's:

a.) denying Plaintiff continued employment and other rewards for his good and valuable service because of his age;

b.) retaliating against Plaintiff for asserting his rights to be free from discrimination based on age;

c.) misrepresenting its intentions with respect to the hiring of Plaintiff and

d.) terminating Plaintiff based on his age.

46. But for the Defendant's intent to discriminate against Plaintiff because of his age, Defendant would not have denied Plaintiff continued employment, subjected him to

discriminatory terms and conditions of employment, retaliated against him, or terminated him.

47. The Defendant's conduct has unlawfully deprived Plaintiff of income, benefits, privileges, promotions, and other terms and conditions accruing to the employment relationship to which he was entitled; has caused irreparable harm to his reputation and professional mobility; and has caused him extreme humiliation, as well as physical and emotional injury.

48. By its conduct, the Employer has failed in its affirmative duty under the ADEA, by its failure to exercise reasonable care and diligence, to maintain a work environment free of discriminatory mistreatment, intimidation, or abuse directed at older workers.

WHEREFORE, Plaintiff prays that judgment be entered herein against Defendant and in favor of Plaintiff for all damages and equitable relief available, as hereinafter requested.

## COUNT III
## DISCRIMINATORY TERMS AND CONDITIONS OF EMPLOYMENT
## RETALIATION
## UNLAWFUL TERMINATION
## Under
## RHODE ISLAND FAIR EMPLOYMENT PRACTICES ACT
## R.I.G.L. § 28-5-1 et seq.

49. Paragraphs 1-33 above are herein incorporated by reference in their entirety.

50. Defendant willfully engaged in a policy or practice of discriminating against employees in the protected age category, including Plaintiff, and in maintaining discriminatory employment policies and practices, in violation of the RIFEPA.

51. The Defendant's discriminatory conduct, policies, and practices are violative of the provisions of the RIFEPA, by:

a.) interfering with Plaintiff's right to avail himself of the full and equal benefit and protection of state and federal laws intended to prevent discrimination in the workplace based on age;

b.) depriving him of the status, benefits, privileges, and other terms and conditions accruing to the employment relationship to which he was entitled;

c.) treating him in a hostile, demeaning, and otherwise unlawful manner based on his age;

d.) causing him lost income and benefits, humiliation, physical and emotional injury, as well as irreparable harm to his personal and professional reputation; and

e.) terminating him because of his age.

52. The unlawful practices engaged in by the Defendant were motivated by impermissible and unlawful considerations concerning Plaintiff's age. Such practices include, but are not limited to, Defendant's:

a.) failing to accord Plaintiff continued employment and other rewards of his good and valuable service because of his age;

b.) retaliating against Plaintiff for asserting his rights to be free from discrimination based on age;

c.) subjecting Plaintiff to discriminatory terms and conditions of employment; and

d.) terminating Plaintiff because of his age.

53. But for the Defendant's intent to discriminate against Plaintiff because of his age, Defendant would not have failed to retain Plaintiff, or subjected him to discriminatory terms and conditions of employment, or retaliated against him, or terminated him.

54. The Defendant's conduct has unlawfully deprived Plaintiff of income, benefits, privileges, promotions, and other terms and conditions accruing to the employment relationship to which he was entitled; has caused irreparable harm to his reputation and professional mobility; and has cause him extreme humiliation, as well as physical and emotional injury.

WHEREFORE, Plaintiff prays that judgment be entered herein against Defendant and in favor of Plaintiff for all damages and equitable relief available, as hereinafter requested.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered herein against Defendant and in favor of Plaintiff for all damages and equitable relief available, including, but not limited to:

a.) an order that the Defendant institute and carry out practices, policies and programs which provide equal employment opportunities to qualified individuals, regardless of age;

b.) an order that the Defendant make whole the Plaintiff with appropriate promotional opportunities, lost earnings, backpay, frontpay, the value of lost benefits, and interest, in amounts to be proved at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices;

c.) an order that the Defendant make whole the Plaintiff by providing for any additional pecuniary losses and compensation for the damage done to his valuable reputation, in amounts to be determined at trial;

d.) an order the Defendant make whole the Plaintiff by providing compensation for non-pecuniary losses, including but not limited to emotional pain, suffering, humiliation, and mental anguish in amounts to be proven at trial, including an appropriate award of compensatory damages pursuant to R.I.G.L. § 28-50-4, 42-112-2, and 28-5-24;

e.) grant attorney's fees and the costs of this action;

f.) grant punitive or exemplary damages, as appropriate to punish the Defendant for its malicious conduct and/or for its reckless and/or callous indifference to the statutorily protected rights of the Plaintiff, including an appropriate award pursuant to R.I.G.L. § 28-50-4, 42-112-2, and 28-5-1;

g.) grant an appropriate award of prejudgment interest, including an award of interest for all damages awarded to the Plaintiff from the date this cause of action accrued, pursuant to R.I.G.L.§ 9-21-10;

h.) grant such further relief as this court deems necessary and proper.

DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands trial by jury of all issues pertinent to the causes in this Complaint triable as of right by jury.

Respectfully Submitted,
Mark Wolff,
By His Attorney,

Stephen T. Fanning #3900
305 South Main Street
Providence, RI 02903
401-272-8250
401-272-4520 (FAX)

A

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form.

AGENCY: ☐ FEPA ☐ EEOC

CHARGE NUMBER: 05 EAG 280-11/28; 16JA500185

Rhode Island Commission for Human Rights and EEOC

*State or local Agency, if any*

| NAME (Indicate Mr., Ms., Mrs.) | HOME TELEPHONE (Include Area Code) |
|---|---|
| Mark Wolff . | 401-253-4878 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | DATE OF BIRTH |
|---|---|---|
| 25 Fesser Ave. | Bristol, RI 02809 | 10/19/47 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME *(If more than one list below.)*

| NAME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE (Include Area Code) |
|---|---|---|
| American Biophysics Corp. | 100+ | 401-884-3500 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 140 Frenchtown Rd., | N. Kingstown Rd., RI 02852 | Kent |

| NAME | TELEPHONE NUMBER (Include Area Code) |
|---|---|
| | |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| | | |

CAUSE OF DISCRIMINATION BASED ON *(Check appropriate box(es))*

☐ RACE ☐ COLOR ☐ SEX ☐ RELIGION ☐ NATIONAL ORIGIN
☒ RETALIATION ☒ AGE ☐ DISABILITY ☐ OTHER *(Specify)*

DATE DISCRIMINATION TOOK PLACE
*EARLIEST* 8/10/04 *LATEST*
☒ CONTINUING ACTION

THE PARTICULARS ARE *(If additional space is needed, attach extra sheet(s)):*

R.I.C.H.R.

JUN 03 2005

I was born on October 19, 1947, and was 56 years of age at the time of the incidents at issue in this charge. I was hired by American Biophysics Corporation, on or about March16, 2004, in the position of Director of Sales – U.S. and Canada, having been led to believe that I could anticipate a long and fruitful association with the employer. Less than 5 months later, on or about August 10, 2004, I was terminated, with an offer of approximately 3 days' severance pay and a few weeks of health benefits. I believe I was hired because of my outstanding work history and expertise, in order for the employer to take unfair advantage of my specialized knowledge and contacts in the technologies and sales areas. Throughout the tenure of my employment, I performed my job duties in a satisfactory manner, meeting or exceeding all of the employer's legitimate expectations, and made significant and valuable contributions to the prospects and profitability of the employer. However, after the employer was able to take advantage of my broad knowledge and expertise, I was terminated and my job duties were divided between two men who, at the time in question, were in their early to mid-thirties. I believe it had been the employer's preconceived plan to hire me, take advantage of my skills and abilities, and then to transition my position to two significantly younger employees, neither of whom possessed my experience, training, professional skills, sales contacts, or business acumen. The employer's conduct is in violation of the RIFEPA, the federal ADEA, and other state and federal laws designed to protect workers from unlawful and discriminatory workplace treatment based on impermissible age-based bias.

☒ I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures.

NOTARY - (When necessary for State and Local Requirements)

8/13/07 Brie Tanning my com. exp.

I declare under penalty of perjury that the foregoing is true and correct.

Mark L. Wolff 5/15/05

Date Charging Party *(Signature)*

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

SIGNATURE OF COMPLAINANT

Mark L Wolff

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (Day, month, and year)

Brie Tanning 5/15/05

EEOC FORM 5 (Rev. 06/92)

B.

EEOC Form 161-B (3/98) **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

# NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

To: **Mark Wolff**
**25 Fesser Avenue**
**Bristol, RI 02809**

From: **Boston Area Office - 523**
**John F. Kennedy Fed Bldg**
**Government Ctr, Room 475**
**Boston, MA 02203**

☐ *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **16J-2005-00185** | **Anne R. Giantonio, Intake Supervisor** | **(617) 565-3189** |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

☐ More than 180 days have passed since the filing of this charge.

☐ Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

☐ The EEOC is terminating its processing of this charge.

☐ The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may ~~sue under the ADEA at any time from 60~~ days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

☒ The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice.** Otherwise, your right to sue based on the above-numbered charge will be lost.

☐ The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

[signature]

**Robert L. Sanders,**
**Area Office Director**

JAN 18 2006
*(Date Mailed)*

Enclosures(s)

cc: **Raymons Ianetta**
**AMERICAN BIOPHYSICS CORP.**
**140 Frenchtown Road**
**North Kingstown, RI 02852**

Stephen T. Fanning
The Law Office Of Stephen Thomas Fanning
305 South Main Street
Providence, Rhode Island 02903

C.

Before the
STATE OF RHODE ISLAND
COMMISSION FOR HUMAN RIGHTS

RICHR NO. 05 EAG 280 EEOC NO. 16JA500185

In the matter of

Mark Wolff
Complainant

Against

**NOTICE OF RIGHT TO SUE**

America Biophysics Corp.
Respondents

This NOTICE OF RIGHT TO SUE is issued to the above cited complainant pursuant to Section 28-5-24.1(a) of the General Laws of Rhode Island because more than one hundred and twenty (120) days and less than two (2) years have elapsed since the charge was filed, the Commission is unable to secure a settlement or conciliation agreement, the Commission has not commenced hearings on a complaint and the complainant has requested a Right To Sue. With the issuance of the NOTICE OF RIGHT TO SUE, the Commission is terminating any further processing of this charge.

An information copy of this NOTICE OF RIGHT TO SUE has been sent to the persons indicated on the next page.

This NOTICE OF RIGHT TO SUE is issued at your request. If you intend to sue, YOU MUST DO SO WITHIN NINETY(90) DAYS FROM THE DATE OF THIS NOTICE: OTHERWISE YOUR RIGHT TO SUE IS LOST.

On Behalf of the Commission

1/11/06
Date

Michael D. Évora
Executive Director

**********************************************************************************