STATE OF RHODE ISLAND
WASHINGTON, SC.

SUPERIOR COURT

JOSEPH J. WHITE
Petitioner,

Vs.

W.M. No. 06-708

AMERICAN BIOPHYSICS CORP.
Respondent

**ORDER APPOINTING TEMPORARY RECEIVER**

This cause came on to be heard upon the Petitioner's Petition for Appointment of a Receiver and, upon consideration thereof, it is hereby

**ORDERED, ADJUDGED AND DECREED**

1. That JONATHAN SAVAGE ESQ., of Providence, Rhode Island be and hereby is appointed Temporary Receiver (the "Receiver") of the Respondent.

2. That said Receiver shall, no later than five (5) days from the date hereof, file a bond in the sum of $10,000.00 with any surety company authorized to do business in the State of Rhode Island as surety thereon, conditioned that the Receiver will well and truly perform the duties of said office and duly account for all monies and property which may come into the Receiver's hands and abide by and perform all things which the Receiver will be directed to do by this Court.

3. That said Receiver is authorized to take possession and charge of the property and assets of the Respondent, to collect the debts and property belonging to it and to preserve the same until further Order of this Court.

4. That said Receiver is authorized, until further Order of this Court, in the Receiver's discretion and as said Receiver deems appropriate and advisable, to conduct the business of said Respondent, to borrow money from time to time, to purchase, for cash or upon credit, merchandise, materials and other property, to engage appraisers and/or employees and assistants, clerical or otherwise, and to pay all such individuals and entities in the usual course of business, and to do and perform or cause to be done and performed all other acts and things as are appropriate in the premises.

5. That, pursuant to and in compliance with Rhode Island Supreme Court Executive Order No. 95-01, this Court finds that the designation of the aforedescribed person for appointment as Receiver herein is warranted and required because of the Receiver's specialized expertise and experience in operating businesses in Receivership and in administrating non-routine Receiverships which involve unusual or complex legal, financial, or business issues.

True Copy Attest
C. R. Ch[illegible]
Offices of Clerk of Superior Court
County of Washington
Wakefield, Rhode Island

6. That the Receiver is hereby authorized and empowered to sell at public auction any or all of the assets of the Respondent. The Receiver is also authorized to engage an auctioneer and to insert such display ads within or without the State of Rhode Island as the Receiver deems proper advertising for such sale. Such a public auction sale conducted by said Receiver in accordance with the Provisions of this paragraph shall be considered and is hereby declared to be a commercially reasonable sale, and such sale shall constitute compliance with the requirements of a commercially reasonable sale as set forth in Article 9 of the Uniform Commercial Code as enacted in Rhode Island.

7. That the commencement, prosecution, or continuance of the prosecution, of any action, suit, arbitration proceeding, hearing, or any foreclosure, reclamation or repossession proceeding, both judicial and non-judicial, or any other proceeding, in law, or in equity or under any statute, or otherwise, against said Respondent or any of its property, in any Court, agency, tribunal, or elsewhere, or before any arbitrator, or otherwise by any creditor, stockholder, corporation, partnership or any other person, or the levy of any attachment, execution or other process upon or against any property of said Respondent, or the taking or attempting to take into possession any property in the possession of the Respondent or of which the Respondent has the right to possession, or the cancellation at any time during the Receivership proceeding herein of any insurance policy, lease or other contract with Respondent, by any of such parties as aforesaid, other than the Receiver designated as aforesaid, or the termination of telephone, electric, gas or other utility service to Respondent, by any public utility, without obtaining prior approval thereof from this Honorable Court, in which connection said Receiver shall be entitled to prior notice and an opportunity to be heard, are hereby restrained and enjoined until further Order of this Court.

8. That a Citation be issued to said Respondent, returnable to the Superior Court sitting at Wakefield Rhode Island on Jan. 3rd, 2007, at 9:30 a.m. at which time and place this cause is set down for Hearing on the prayer for the Appointment of a Permanent Receiver; that the Clerk of this Court shall give Notice of the pendency of the Petition herein by publishing this Order Appointing Temporary Receiver once in The Providence Journal on or before December 1st, 2006, and the Receiver shall give further notice by mailing, on or before December 12, 2006, a copy of said Order Appointing Temporary Receiver to each of Respondent's creditors and stockholders whose address is known or may become known to the Receiver.

ENTERED as an Order of this Court this 27th day of November, 2006.

ENTER:

Nugent, J.

Associate Justice

Dated: 11-27-06

BY ORDER:

O.R. Chy

Clerk, Superior Court

True Copy Attest

C. R. Chy

Offices of Clerk of Superior Court
County of Washington
Wakefield, Rhode Island